# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CARMELA POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: K26C-03-005 NEP |
| | ) | |
| v. | ) | |
| | ) | |
| IKE CANNON, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: March 9, 2026
Decided: May 19, 2026

## ORDER[1]

***Upon Plaintiff's Application to Proceed in Forma Pauperis***
**GRANTED**

***Upon Court's Consideration of Complaint***
**DISMISSED**

Upon consideration of Plaintiff's complaint and motion to proceed *in forma pauperis*, the Court finds as follows:

1.  On March 9, 2026, Plaintiff Carmela Powell ("Plaintiff") filed an application to proceed *in forma pauperis*. According to the attached affidavit, Plaintiff has limited liquid assets, no present employment, and receives $1200 a month in social security benefits. The affidavit alleges facts sufficient to convince the Court that Plaintiff is unable to pay the filing costs and Plaintiff's motion to proceed *in forma pauperis* is therefore **GRANTED**. Having made this

---

[1] Citations in the form of "D.I ___" refer to docket items.

determination, the Court must next consider whether or not the complaint should be dismissed, as required by 10 *Del. C.* § 8803(b).

**2.** The Court views *pro se in forma pauperis* civil suits generously.[2] "All well-pled matters are accepted as true to determine whether . . . [a plaintiff] can recover under any conceivable circumstances susceptible of proof under the complaint."[3] Nonetheless, the Court will not allow itself or prospective defendants "to become the victim[s] of frivolous or malicious claims" that are plainly "subject to a motion to dismiss under Superior Court Civil Rule 12(b)(6) or subject to a defense of immunity or subject to some other defect."[4] After granting an application to proceed *in forma pauperis*, Delaware law requires that the Court dismiss the underlying complaint if it is legally frivolous, factually frivolous, or malicious.[5] "If a complaint fails to state a claim upon which relief may be granted, then it is deemed legally frivolous."[6]

**3.** While the allegations of the Complaint are difficult to discern, Plaintiff's allegations appear to be that she allowed Defendant Ike Cannon ("Defendant") to move into her mobile home (the "Property") pursuant to some form of agreement.[7] Under that agreement, Defendant was permitted to remain in the Property until Plaintiff sold it, and Defendant agreed to pay $1000 per month to the

---

[2] *Parsons v. Dushuttle*, 2019 WL 1131956, at *1 (Del. Super. Mar. 8, 2019) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

[3] *Fatir v. Records*, 2023 WL 6622214, at *2 (Del. Super. Oct. 11, 2023) (quoting *Johnson v. Howard*, 1999 WL 743902, at *1 (Del. Aug. 12, 1999)).

[4] *Lee v. Johnson*, 1996 WL 944868, at *1 (Del. Super. June 4, 1996).

[5] *Sanders v. Dep't of Just.*, 2020 WL 1171045, at *1 (Del. Super. Mar. 11, 2020) (citing 10 *Del. C.* § 8803(b)).

[6] *Fatir*, 2023 WL 6622214, at *4 (quoting *Johnson*, 1999 WL 743902, at *1); *Marvel v. State*, 2014 WL 7009516, at *2 (Del. Super. Dec. 8, 2014) (citing *Cannon v. McCreanor*, 2003 WL 943247, at *2 (Del. Super. Mar. 6, 2003)).

[7] Compl. 1 (D.I. 1). The Complaint does not make clear whether the agreement between Plaintiff and Defendant was written or oral.

Plaintiff, as well as costs relating to heat and electricity.[8]  After she informed Defendant that someone intended to buy the Property, Defendant stopped paying utilities to Plaintiff.[9]  Plaintiff verbally requested that Defendant vacate the Property, but Defendant refused to leave despite knowing Plaintiff was attempting to show and sell the Property.[10]

4.    Ultimately, it appears to the Court that the gravamen of the Complaint is an action for summary possession, and Plaintiff seeks to recover possession of the Property from Defendant based on alleged nonpayment of rent or utilities and Defendant's refusal to vacate.

5.    25 *Del. C.* § 5702 supplies the statutory grounds for summary possession proceedings.  Two provisions appear applicable here: first, § 5702(1) permits summary possession where "[t]he tenant unlawfully continues in possession of any part of the premises after the expiration of the rental agreement without the permission of the landlord,"[11] and, second, § 5702(2) permits summary possession where "[t]he tenant has wrongfully failed to pay the agreed rent."[12]

6.    Although Plaintiff appears to allege that Defendant failed to comply with an agreement concerning the Property, the Complaint does not identify the legal claim Plaintiff intends to assert, attach or describe any written lease or contract, or plead the material terms of any enforceable agreement beyond the alleged monthly payment amount and utilities obligation.  The Complaint also fails to allege when Defendant moved into the Property, when any payment obligation became due, what amount remains unpaid, and whether Plaintiff provided any legally operative notice

---

[8] *Id.*
[9] *Id.*
[10] *Id.* at 1–2.
[11] 25 *Del. C.* § 5702(1).
[12] 25 *Del. C.* § 5702(2).

3

terminating the arrangement. The Complaint does not plead a theory of damages beyond the generalized assertion that Defendant has not paid money for utilities.

7. Consequently, Plaintiff fails to state a claim on which relief may be granted, and Plaintiff's claim is legally frivolous. Even a *pro se* plaintiff "must, at a minimum, provide the Court with enough information to conduct a meaningful consideration of the merits."[13] "When reviewing a Rule 12(b)(6) motion, 'a trial court must accept as true all of the well-pleaded allegations of fact,' but is not 'required to accept as true conclusory allegations without specific supporting factual allegations.'"[14]

8. More importantly, it appears that Plaintiff has filed this action in the wrong court. Under 25 *Del. C.* § 5701, "[a]n action for summary possession in accordance with § 5702 . . . shall be maintained in the Justice of the Peace Court which hears civil cases in the county in which the premises . . . is located." Therefore, even if the Complaint adequately stated a claim for summary possession, this Court lacks subject matter jurisdiction to adjudicate that claim.

9. For these reasons, the Complaint is subject to dismissal under Rule 12(b)(6). It is also subject to dismissal under 25 *Del. C.* § 5701 insofar as this Court lacks jurisdiction to evaluate Plaintiff's claims.

**WHEREFORE**, in light of the preceding considerations, Plaintiff's Complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

---

[13] *Brown v. Delaware State Hous. Auth.*, 2024 WL 524550, at *2 (Del. Super. Dec. 30, 2024) (quoting *Harrison v. Hodgson Vocational Tech. High Sch.*, 2007 WL 3112479, at *2 (Del. Super. Oct. 3, 2007)) (dismissing *in forma pauperis* complaint).

[14] *Page v. Oath Inc.*, 270 A.3d 833, 842 (Del. 2022) (quoting *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006)).

Noel Eason Primos, Judge

NEP/tls
*Via File & ServeXpress and U.S. Mail*
oc:    Prothonotary
       Carmela Powell, *Pro Se – Via U.S. Mail*